02D01-2304-CT-000308

Allen Superior Court 1

Filed: 4/28/2023 2:53 PM
Clerk
Allen County, Indiana
JS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN COUNTY SUPERIOR |
| COURT | | |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

| | |
|---|---|
| TEIA R. HACKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PARKVIEW HEALTH SYSTEMS, INC | ) |
| d/b/a PARKVIEW HEALTH a/k/a "PARKVIEW" | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant as follow:

1. The Plaintiff is Teia R. Hackley an individual who suffered from a serious health condition constituting a disability/perceived disability/ record of impairment under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and who was entitled to the protections and benefits of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"). She also had a teenage son who suffered from a serious health condition for which the Plaintiff was qualified to utilize FMLA leave.

2. The Defendant is Parkview Health System, Inc, d/b/a Parkview Health, a/k/a "Parkview", a company doing business at 5110 N, Clinton, Fort Wayne, Indiana 46825. The Defendants' registered agent is David Storey, 6509 Mutual Drive, Fort Wayne, Indiana 46825. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the ADA, and/or FMLA.

3. The Plaintiff filed a Charge of Discrimination, EEOC No: 24D-2022-00203/EO-0209-

–1–

A22, on April 28, 2022, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The Plaintiff filed an amended Charge of Discrimination on June 30, 2022, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "B". The EEOC then issued a Determination and Notice of Rights/Notice of Suit Rights letter on February 27, 2023, a copy of which is attached hereto, and made a part hereof as Exhibit "C". All required administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of the lawsuit.

4. The Plaintiff was employed by the Defendant from August 2020, until her wrongful termination on or about April 18, 2022. She held the position of Registered Nurse at the time of separation from employment and had performed within the reasonable expectations of the Defendant at all material times to this Complaint.

5. During the Plaintiff's employment by the Defendant, she suffered from a serious health condition that was an actual disability under the ADA, that when untreated substantially interfered with major life activities including among other things, the major life activities of attention, concentration, and mood regulation; she also experienced significant depression relating to her serious health condition. In the alternative, the serious health condition was a perceived disability and/or record of impairment.

6. During 2021 the Plaintiff's 13-year-old son was living in a behavioral health facility due to his serious health condition, that caused him to suffer severe depression and at times suicidal ideation. By April 2022, the child had also received treatment for the condition at times, from the Defendant.

–2–

7. In November 2021, the Plaintiff informed her supervisor that she had been diagnosed with her serious health condition and disability, which also was a perceived disability and record of impairment.

8. In January 2022, the Plaintiff's superiors accused her of not completing work in the patient rooms quickly enough.   The Plaintiff explained that because of the symptoms of her disability, she sometimes lost track of time.   The Plaintiff's supervisor told her to look for another position within the Defendants company.

9. The Defendant informed the Plaintiff she would receive additional training for her position, but the Defendant failed to provide the promised additional training.

10. In February 2022, the Plaintiff informed the Defendant that she believed her supervisor was discriminating against her due to her disability.   The Defendant's representatives then gave the Plaintiff ADA paperwork to complete.   The Plaintiff complied and returned the paperwork to the Defendant in March 2022.   The Defendant's management then asked the Plaintiff what they could do to assist the Plaintiff with her disability, thereby acknowledging to the Plaintiff that they knew she had a disability.

11. On March 15, 2022, the Plaintiff was taken off her assigned physician's team, and switched over to another team.   The Plaintiff, however, was not provided training for some of the new and/or extra duties that she became responsible for completing.

12. On March 21, 2022, the Plaintiff submitted a request to the Defendant for the reasonable accommodation of having "silent timers" placed in rooms that she was to work in, and for the reasonable accommodation of being able to do office visit discussions at the end of the workday, so that the Plaintiff would not be unduly

distracted when carrying out her duties and responsibilities.

13. In late March 2022, the Plaintiff's son experienced and exacerbation of his serious health condition and required hospitalization for his symptoms. The March 2022 hospitalization was the fifth hospitalization of the child at the Defendant's psychiatric inpatient unit, Parkview Behavioral Health.

14. Following the child's hospitalization, the Plaintiff needed time off of work to attend to the son's serious health condition, such as so that the Plaintiff could take him to related medical/ psychiatric appointments.

15. The Plaintiff was initially led to believe by the Defendant that around March 17, 2022, that she was approved for FMLA leave, and she believed she was covered by intermittent FMLA leave in order to take time off to attend to her son's condition.

16. On about March 24, 2022, the Plaintiff requested FMLA leave for time off of work that she had taken and still would need to take regarding her son.

17. On April 4, 2022, the Plaintiff was called into a meeting with a superior. The superior told the Plaintiff that she had been denied FMLA leave.

18. Less than two weeks later, on April 18, 2022, the Defendant terminated the Plaintiff.

19. The proffered reason for termination was alleged scheduling errors, and that the Plaintiff allegedly was not "receptive" to the Plaintiff's supervisor.

20. By information and belief the Defendant treated the Plaintiff more harshly and less favorably on disciplinary issues such as alleged tardiness, attitude, and employee workflow, than it treated similarly situated employees without a disability/perceived disability/record of impairment, and/or who did not assert their right to FMLA leave;

those similarly situated employees outside of the Plaintiff's protected categories, were not disciplined or terminated by the Defendant when they engaged in substantially the same conduct for which the Defendant accused the Plaintiff when it terminated her.

21. The Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality the Defendant discriminated against, retaliated against, and unlawfully terminated the plaintiff on the basis of her disability/perceived disability/ record of impairment and/or retaliated against the Plaintiff for utilizing FMLA Leave and/or for requesting a reasonable accommodation for the Plaintiff's disability.

22. The Plaintiff additionally contends that the Defendant failed to fully engage in the interactive process with her and denied her reasonable accommodations for her disability, prior to her termination.

23. The Plaintiff also contends that the Defendant's termination of her interfered with her rights under the FMLA and retaliated against her for asserting her rights to FMLA benefits she was entitled to receive.

24. The Defendant's complained of discriminatory and/or retaliatory conduct was in violation of the Plaintiff's federally protected rights under the ADA and the FMLA. The Defendant's complained of conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job- and job-related benefits including income, and additionally subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

25. The Defendants unlawful discriminatory and/or retaliatory conduct was intentional,

distress, and other damages and injuries.

25. The Defendants unlawful discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff 's federally protected rights under the ADA and/or FMLA.  Imposition of punitive damages is appropriate (available under the ADA), as is imposition of liquidated damages (available under the FMLA).

WHEREFORE, Plaintiff respectfully request judgement against the Defendant, for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

### VERIFICATION

I, _Leia Hackley_, swear and affirm under the penalties for perjury that the above and foregoing representations are true and correct based upon my personal knowledge.

_Leia R. Hackley_

_4/27/23_
Date

–6–

Respectfully submitted,

MYERS SMITH WALLACE, LLP

Christopher C. Myer, #10043-02
Ilene M Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:         cmyers@myers-law.com
*Counsel for Plaintiff*

–7–

Filed: 4/28/2023 2:53 PM
Clerk
Allen County, Indiana
JS

**02D01-2304-CT-000308**

Allen Superior Court 1

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 24D-2022-00203 |
| | FEPA | EO-0209-A22 |

EEOC Form 5 (11/09)

Fort Wayne Metropolitan Human Relations Commission                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Teia R. Hackley | (260) 888-5041 | |

Street Address

1846 Cherokee Road

FORT WAYNE, IN 46808

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Parkview | 201 - 500 Employees | (260) 469-6605 |

Street Address

5110 North Clinton

Fort Wayne, IN 46825

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability | 11/01/2021 | 04/18/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a qualified individual with a disability who worked at Parkview as a RN from August 2020 until my termination on April 18, 2022. From October 2021 up until my termination, I was brought into the office several times to discuss my tardiness, attitude, and workflow. In November 2021, I informed my supervisor Becky Johnson (Johnson) that I was diagnosed with a disability. I was brought into the office again in January 2022 regarding not getting out of the rooms in enough time. I informed her that due to my disability I lose track of time. Johnson told me to look for other jobs within Parkview. Johnson stated she would provide me with additional training for my position, but I never received it. I met with management that month and told them not to bring up my disability. In February 2022, I told Henley that Johnson was discriminating against me due to my disability. Management Johnson and Samantha Henley gave me ADA paperwork to fill out to protect my job. I returned the paperwork to Carrie Isley in March 2022. Management asked me what they could do to help me with my disability. On March 15, 2022 I was taken off my doctors team and switched to another doctor. On March 21, 2022, I submitted a request to place silent timers in the rooms and to do office visit discussion at the end of the day so I would not get distracted. I was terminated on April 18, 2022 for alleged scheduling errors and not being receptive to Johnson. Based

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

X 4/28/22

Date                    Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

4/28/22

LAKISHA WOODS, Notary Public
Allen County, State of Indiana
Commission Number NP0637276
My Commission Expires August 1, 2028

(SEAL) NOTARY PUBLIC INDIANA

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 24D-2022-00203 |
| | FEPA | EO-0209-A22 |

**Fort Wayne Metropolitan Human Relations Commission** and EEOC

*State or local Agency, if any*

on the above, I believe I have been retaliated against, discriminated against based on my disability and Parkview failed to accommodate my disability in violation of the Americans with Disabilities Act Amendments Act of 2008 and Fort Wayne Ordinance G-21-78, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____          _____ Date                                  Charging Party Signature | |

02D01-2304-CT-000308

Filed: 4/28/2023 2:53 PM
Clerk
Allen County, Indiana
JS

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EO-0209-A22 24D-2022-00203 |

Allen Superior Court 1

| Equal Employment Opportunity Commission | and EEOC |
|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Teia R. Hackley | (260) 348-8626 | 03/30/1984 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1846 Cherokee Road | Fort Wayne, Indiana 46808 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Parkview Health System, Inc. d/b/a/" Parkview Health" a/k/a Parkview | 200 + | (260) 469-6605 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5110 N. Clinton | Fort Wayne, IN  46825 |

| Registered Agent | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| David Storey | | (260) 469-6605 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6509 Mutual Drive | Fort Wayne, IN. 46825 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| | | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|---|
| | | | Earliest — Latest |
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | PREGNANCY | | 11/01/21 — 04/18/22 |
| [X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION | | | |
| [X] OTHER  Failure to engage in the interactive process and denial of reasonable accommodations | | | [x] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.    The Complainant is a former employee of the Respondent, who is a qualified individual with a disability, perceived disability, and record of impairment. She contends that the Respondent discriminated against her, failed to engage in the interactive process, denied her reasonable accommodations, retaliated against and wrongfully terminated her, in violation of the Complainant's federally protected rights under the Americans with Disabilities Act, 42 U.S.C § 12101 et sec. ("ADA"). (In the alternative the Complainant contends the Respondent violated her rights under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

II.   The Respondent is Parkview Health System, Inc, d/b/a "Parkview Health", a/k/a "Parkview", a company doing business at
5110 N. Clinton, Fort Wayne, IN 46825. At all material times to this Charge, the Respondent was an "employer" for the purposes of the ADA (and FMLA).)

III.  The Complainant was employed by the Respondent from August 2020 date, until her wrongful termination on or about April 18, 2022. The Complainant held the position of Registered Nurse at the time of separation from employment. She suffered from one or more conditions during her employment with the Respondent, which constituted disability/ perceived disabilities/a record of impairment, and substantially interfered with her major life activity of among other things,

Continue on Page 2

memory, concentration, and mood regulation. The conditions either each by themself or in combination with one another, also constituted a "serious health condition" for the purposes of the FMLA.

IV.    From October 2021 until the Complainant's termination, the Complainant was "called into the office" by her supervisor Becky Johnson, to discuss alleged concerns about tardiness, attitude, and workflow.

V.    In November 2021, the Complainant informed her supervisor that she had been diagnosed with a disability.

VI.    The Complainant was once again called into the office in January 2022, and accused of not getting out of patient rooms in enough time. The Complainant informed her supervisor that due to her disability, the Complainant lost track of time.  Johnson responded that the Complainant should look for another job within Parkview. Johnson also told the Complainant that she would provide the Complainant with additional training for her position, but it was never actually provided.

VII.    The Complainant met with other members of management the same month, and asked them not to bring up her disability.

VIII.    In February 2022, the Complainant told manager Samantha Henley that supervisor Becky Johnson was discriminating against the Complainant due to her disability.  Johnson and Henley then gave the Complainant ADA paperwork to complete, The Complainant completed the forms as instructed, and returned them to Carrie Isley (Human Resources Representative) in March 2022.

IX.    The Respondent's management personnel also asked the Complainant what they could do to help her with her disability, thereby acknowledging she had a disability.

X.    On March 15, 2022, the Complainant was taken off of her doctor's team and switched two other another doctors.

XI.    On March 21, 2022, the Complainant submitted a request to place "silent timers" in rooms, and to do office visit discussions at the end of the day, as an accommodation so that the Complainant would not be unduly distracted.

XII.    The Complainant additionally requested the reasonable accommodation of time off work to attend to her Son's health issues.

XIII.    The Complainant was approved for FMLA on May 24, 2022.

XIV.    Less than a month later, on April 18, 2022, the Respondent terminated the Complainant.  The proffered reason for termination was alleged scheduling errors, and for allegedly not being "receptive" to the Complainant's supervisor Becky Johnson.

XV.    The Complainant contends that the proffered reasons for termination were false and pretextual, and that in reality the Respondent discriminated against, retaliated against, and unlawfully terminated the Complainant, on the basis of her disability/perceived disability / record of impairment (and/or in violation of the Complainant's rights under the FMLA), and because Complainant requested reasonable accommodations. The Respondent's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Complainant suffering the loss of her job- and job-related benefits including income, and also subjected the

Continue on Page 3

Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries.

XVI.   The Complainant is entitled to obtain compensatory damages and reasonable attorney fees and costs from the Respondent.

XVII.   The Respondent's unlawful discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under the ADA (and FMLA).  Pursuant to the ADA, the Complainant is entitled to obtain punitive damages from the Respondent. (She is also entitled to obtain liquidated damages against the Respondent pursuant to the FMLA).

want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

GWYNNE I. LINK
Notary Public, State of Indiana
Allen County
Commission Number 674670
My Commission Expires

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

6/30/22
Date

Charge Party Signature

6/30/2022

**02D01-2304-CT-000308**

**Allen Superior Court 1**

Filed: 4/28/2023 2:53 PM
Clerk
Allen County, Indiana
JS

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Indianapolis District Office**
101 West Ohio St., Suite 1900
Indianapolis, IN 46204
(317) 999-1178
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/27/2023

**To:** Teia R. Hackley
1846 Cherokee Road
FORT WAYNE, IN 46808

Charge No: 24D-2022-00203

EEOC Representative:

Jeremy Sells
State, Local & Tribal Coordinator
(463) 999-1161

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele 02/27/2023

Michelle Eisele
District Director

Please retain this notice for your records.

cc: On following page

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 24D-2022-00203 to the District Director at Michelle Eisele, 101 West Ohio St., Suite 1900, Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment

Enclosure with EEOC Notice of Closure and Rights (01/22)

that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

✓ **Only one** major life activity need be substantially limited.

✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.